## In re Anonymous No. 72 D.B. 93

Disciplinary Board Docket no. 72 D.B. 93.

IOLE, *Member,* November 8, 2000—Pursuant to Rule 208(h) of the Pennsylvania Rules of Disciplinary En-

forcement, the undersigned designated member of the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits this recommendation to your honorable court with respect to the above-captioned petition to revoke probation.

## I. HISTORY OF PROCEEDINGS

On October 7, 1993, a petition for discipline was filed by Office of Disciplinary Counsel against respondent, [ ]. The petition alleged violations of the Rules of Disciplinary Enforcement based on respondent's criminal conviction for driving under the influence of alcohol. On January 17, 1995, the board ordered that respondent receive a private reprimand. The board further ordered that respondent be placed on substance abuse probation for a period of two years, subject to various terms and conditions. The private reprimand was administered to respondent on March 30, 1995.

On December 16, 1996, Office of Disciplinary Counsel filed an initial petition to revoke probation. The petition alleged that respondent had not complied with the terms and conditions of his probation by filing untimely quarterly reports or failing to file any reports. On January 28, 1997, the board issued an order and rule to show cause upon respondent to show cause why his probation should not be revoked, the private reprimand rescinded, and other discipline imposed. Respondent and petitioner filed answers to the rule.

After consideration of the responses, on June 5, 1997 the board issued an order finding respondent in violation of probation and ordered that respondent be placed on substance abuse probation for an additional period

of one year, effective July 5, 1997. The conditions were substantially the same as those established pursuant to the board's original order of January 17, 1995, except that [A], Esquire, was appointed as the sobriety monitor.

On May 26, 1998, Office of Disciplinary Counsel filed a second petition to revoke probation. The petition alleged that respondent's quarterly reports had not been timely filed and that respondent had not maintained the required regular contact with his sobriety monitor. The petition requested that the board hold a hearing on the matter.

A probation revocation hearing was held before the undersigned board member on February 22, 1999. Respondent was represented by [    ], Esquire. Petitioner was represented by [    ], Esquire. Respondent previously had agreed to waive the 10-day hearing requirement as provided for by Pa.R.D.E. 208(h).

Subsequent to the hearing, respondent and petitioner filed letter briefs to the board setting forth their respective positions. Respondent requested that the sanction, if any, imposed on respondent be adjusted to reflect his personal efforts at rehabilitation. Petitioner requested that the board rescind the private reprimand and recommend to the Supreme Court that respondent receive no less than a public censure, with substance abuse probation.

This matter was adjudicated by the board at the meeting of March 10, 1999. Following that adjudication, the undersigned board member wrote a report and recommendation on behalf of the board dated June 28, 1999, which found respondent in violation of probation. The report and recommendation further recommended that respondent be suspended for a period of one year and

one day, that the suspension be stayed in its entirety and that respondent be placed on probation for a period of one year on the same terms as his previous probation, with the time period to run from the effective date of the order imposing such discipline.

On October 20, 2000, petitioner filed a third petition to revoke probation. A probation revocation hearing was held before the undersigned board member on November 8, 2000. Respondent was represented by [   ], Esquire. Petitioner was represented by [   ], Esquire. In addition, respondent testified on his behalf. Respondent previously had agreed to waive the 10-day hearing requirement as provided for by Pa.R.D.E. 208(h).

## II. FINDINGS OF FACT

The undersigned board member makes the following findings of fact:

(1) By order dated August 25, 1999, the Supreme Court ordered that respondent be suspended for one year and one day, that the suspension be stayed in its entirety and that respondent be placed on probation for a period of one year on the same terms as his previous probation, including payment of the costs of proceedings pursuant to Pa.R.D.E.208(g).

(2) By letter from Elaine M. Bixler, executive director and secretary of the Disciplinary Board, dated February 28, 2000, respondent was informed that the amount of expenses due from him was $727.50, that he was required to agree in writing to the conditions of probation set forth in the Supreme Court's August 25, 1999 order, that his probation would take effect on March 29, 2000, and that

his sobriety monitor would again be Attorney [A]. Ms. Bixler's letter stated the payment of costs and the returned written agreement were due on or before March 29, 2000.

(3) Respondent did not respond in writing to Ms. Bixler's February 28, 2000 letter until May 8, 2000. By letter of that date, respondent returned the signed agreement requested by Ms. Bixler's February 28, 2000 letter. Respondent did not pay the assessed costs and that payment was still outstanding as of the date of the November 8, 2000 hearing.

(4) The terms of respondent's probation required quarterly report forms to be submitted by respondent's sobriety monitor. These quarterly reports are necessary in order for the board to monitor respondent's compliance with the conditions of his probation. These conditions included abstaining from alcohol, attending weekly Alcoholics Anonymous meetings, meeting with his sobriety monitor at least twice per month, and maintaining weekly telephone contact with his sobriety monitor. Only one quarterly report was filed on behalf of respondent. By letter dated August 15, 2000, respondent's sobriety monitor filed the first quarterly report dated June 29, 2000. That report indicated some efforts by respondent to comply with his probation, but also indicated probation violations. The report was admitted into evidence at the November 8, 2000 hearing.

(5) Although the terms of his probation required twice-monthly meetings with his sobriety monitor, respondent did not meet with his sobriety monitor as required. According to the sobriety monitor's report, two

meetings occurred in March 2000 and one meeting and one telephone call occurred in May 2000. Since that time, the sobriety monitor had not heard from respondent and so reported in his first quarterly report. The sobriety monitor also reported that respondent and the sobriety monitor had not maintained weekly telephone contact as required by the terms of respondent's probation. The sobriety monitor finally indicated that respondent's failure to maintain the ordered contact with him via twice-monthly meetings was a concern of the sobriety monitor.

(6) At the November 8, 2000 hearing, respondent testified that, since the date of the previous probation revocation hearing, he had used alcohol on one occasion during a time of stress and upheaval in his life. The conditions of respondent's probation have, since 1997, forbidden the use of alcohol.

(7) Respondent also testified that he was not as able to confide in his sobriety monitor as he would be able to do with a close friend of many years. Respondent pointed out, however, that he was not criticizing the sobriety monitor in any way, but simply explaining his conduct.

(8) Based on the findings set forth above, along with the other testimony and representations provided during the hearing on November 8, 2000, it is clear that respondent has not complied with the terms of his probation.

(9) Respondent has not had any criminal violations relating to driving under the influence since the January 17, 1995 order of the Disciplinary Board that imposed the initial private reprimand with two years of probation.

(10) Respondent further testified to his efforts to acknowledge his difficulties with alcohol and to rehabilitate himself through his individual efforts.

(11) Respondent was cooperative and appeared to be sincere during his testimony on November 8, 2000.

(12) From the date of the board's January 17, 1995 order imposing a private reprimand with conditions, respondent has not received any other discipline except as set out in this report and recommendation.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the terms and conditions of his substance abuse probation.

## IV. DISCUSSION

This matter is before the board upon a petition to revoke probation. At the revocation hearing respondent stipulated that he violated the terms and conditions of his substance abuse probation. The issue is the appropriate discipline to recommend under the circumstances.

This is respondent's third instance of violating his substance abuse probation. In 1997, the board found that respondent violated his probation and imposed an additional probation period of one year, effective June 5, 1997. Respondent's original probation term was for two years. The acts constituting the first violation of probation were substantially similar to the instant acts. Respondent filed untimely reports and sometimes totally failed to file any reports. His sobriety monitor was not able to keep track of respondent and was not certain that respondent was

abstaining from the use of alcohol. The facts underlying respondent's second violation of probation were similar, in that the violation was based on a failure to file reports, attend AA meetings and attend meetings with his sobriety monitor.

The violation that is the subject of this report and recommendation is also similar. It is based on the fact that, while respondent has made individual efforts to rehabilitate himself, and has also made efforts in conjunction with others, he has not complied with the terms of his probation as ordered. The board stated in its June 28, 1999 report and recommendation:

"Except insofar as it supports a last chance to avoid more serious discipline, the board rejects respondent's claim that he could only rehabilitate himself on his own terms; the board cannot permit respondent [to] self-prescribe probation terms and conditions. The orders imposing discipline on respondent in the form of probation were not voluntary. They were mandatory." June 28, 1999 report and recommendation at pp. 11-12. Unfortunately, the same reasoning applies to the current probation violation.

The June 28, 1999 report and recommendation recommended one year and one day suspension with one year probation. Nevertheless, the board acknowledged respondent's actions, and therefore recommended a stayed suspension as a "last chance to avoid more serious discipline," and the Supreme Court imposed this discipline.

After a careful review of the record and issue raised in this matter, and based on the June 28, 1999 report and recommendation of the board, the Supreme Court order

dated August 25, 1999, and the facts presented during the November 8, 2000 hearing, the undersigned believes that the appropriate discipline is to revoke probation and to impose the previously-ordered suspension that would suspend respondent from the practice of law for one year and one day.

## V. RECOMMENDATION

The undersigned board member of the Disciplinary Board of the Supreme Court of Pennsylvania recommends that the probation of respondent, [    ], be revoked and that respondent be suspended for a period of one year and one day.

It is further recommended that the expenses incurred in the investigation and prosecution of the revocation proceedings are to be paid by the respondent.

## ORDER

And now, March 8, 2001, a rule having been entered upon respondent by this court on December 14, 2000, to show cause why the order of this court entered on August 25, 1999, should not be modified and, upon consideration of the responses filed, it is hereby

Ordered that the rule is made absolute, respondent's probation is revoked and he is suspended from the practice of law for a period of one year and one day. Respondent shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that the respondent shall pay the expenses of the investigation and prosecution of the revocation proceedings pursuant to Rule 208(g), Pa.R.D.E.